UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

Case No. 1:26-cv-06993-HBK

ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915 (g)[1]

(Doc. 2)

FOURTEEN-DAY OBJECTION PERIOD

Plaintiff, a state prisoner housed at the California Substance Abuse Treatment Facility ("SATF"), a facility operated by the California Department of Corrections and Rehabilitation ("CDCR"), commenced this pro se civil rights action under 42 U.S.C. § 1983 on September 1, 2026. (Doc. 1). Plaintiff has moved to proceed *in forma pauperis* ("IFP"). (Doc. 2).

For the reasons below, the undersigned recommends that Plaintiff's IFP motion be denied under 28 U.S.C. § 1915(g). Plaintiff has incurred at least three qualifying strikes, and the complaint does not plausibly allege that Plaintiff faced imminent danger of serious physical injury when he filed this action.

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 302.

## BACKGROUND AND ALLEGATIONS

The complaint names California Governor Gavin Newsom and SATF Sergeant A. Espinoza as defendants. Plaintiff alleges that, in retaliation for reporting staff misconduct, Espinoza directed an unidentified correctional officer to assault him. (Doc. 1 at 1, 5). Liberally construed, the complaint also appears to assert an age-based disparate treatment claim under the Americans with Disabilities Act based on his age. (*Id.* at 5). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.*).

## IFP STANDARD

Except for applications for writs of habeas corpus, the filing fee for a civil action in federal district court is $405.00. 28 U.S.C. § 1914(a). A case may proceed without prepayment of this fee only if the court grants leave to proceed IFP under 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Three Strikes Framework

Under 28 U.S.C. § 1915(g), a prisoner who may not proceed IFP if, while incarcerated, the prisoner has brought three or more action sor appeals that were dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner makes a showing of imminent danger of serious physical injury at the time of filing.

A dismissal qualifies as a strike only if it was entered before the prisoner filed the present action. *See* § 1915(g). In determining whether a prior dismissal qualifies, the court examines the basis for dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). The dismissal's label or procedural posture is not dispositive; the relevant question is whether the dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (internal quotation marks and citations omitted).

A complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous or malicious. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *see also LeBlanc v. Asuncion*, 699 F. App'x 762, 762 (9th Cir. 2017) (Unpub. Mem.). But a dismissal based on duplicativeness counts as a strike only where the dismissal rests on frivolousness,

maliciousness, or failure to state a claim . *Cf. Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022); *West v. Moore*, No. 1:26-cv-06372-JLT-CDB, 2026 WL 2720383, at *2 (E.D. Cal. Sept. 15, 2026).

B. Plaintiff's Qualifying Strikes

The Court takes judicial notice of the following actions filed by Plaintiff and dismissed before Plaintiff commenced this action:

- *Cannavan v. Newsom, et al.*, No. 1:26-cv-06034-KES-EPG (E.D. Cal. Aug. 31, 2026) (Doc. 12).
- *Cannavan v. Newsom, et al.*, No. 1:26-cv-06035-KES-FJS (E.D. Cal. Aug. 31, 2026) (Doc. 12).
- *Cannavan v. Newsom, et al.*, No. 1:26-cv-06046-KES-EPG (E.D. Cal. Aug. 31, 2026) (Doc. 12).
- *Cannavan v. Newsom, et al.*, No. 1:26-cv-06048-KES-FJS (E.D. Cal. Aug. 31, 2026) (Doc. 12).
- *Cannavan v. Newsom, et al.*, No. 1:26-cv-06051-KES-FJS (E.D. Cal. Aug. 31, 2026) (Doc. 13).

The dismissal orders state that these actions were dismissed as duplicative. Each order, however, adopted in full the assigned magistrate judge's Findings and Recommendations ("F&R") explaining that "[d]uplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)," and concluding that the particular action was duplicative. *Cannavan v. Newsom, et al.*, No. 1:26-cv-06034-KES-EPG (E.D. Cal. Aug. 5, 2026) (Doc. 10 at 4); *Cannavan v. Newsom, et al.*, No. 1:26-cv-06035-KES-FJS (E.D. Cal. Aug. 5, 2026) (Doc. 10 at 3); *Cannavan v. Newsom, et al.*, No. 1:26-cv-06046-KES-EPG (E.D. Cal. Aug. 5, 2026) (Doc. 9 at 4); *Cannavan v. Newsom, et al.*, No. 1:26-cv-06048-KES-FJS (E.D. Cal. Aug. 10, 2026) (Doc. 10 at 4); *Cannavan v. Newsom, et al.*, No. 1:26-cv-06051-KES-FJS (E.D. Cal. Aug. 10, 2026) (Doc. 10 at 3).

Thus, the adopted F&Rs establish that the dismissals rested on grounds that "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *See El-Shaddai*, 833 F.3d at 1042 (9th Cir. 2016). At least three of those dismissals therefore constitute qualifying strikes for

purposes of § 1915(g).

C. The Imminent Danger Exception

A prisoner with three or more strikes may proceed IFP only if the complaint plausibly alleges that the prisoner faced imminent danger of serious physical injury when the complaint was filed and the alleged danger bears a nexus to claims asserted. *Ray*, 31 F.4th at 700–701 ("In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."). The Court liberally construes the complaint's facial allegations but need not accept allegations that are speculative, conclusory, or fanciful. *Andrews*, 493 F.3d at 1057, n.11.

Plaintiff does not plausibly allege imminent danger of serious physical injury at the time he filed this action. Plaintiff alleges that he was assaulted at Sergeant Espinoza's direction on December 15, 2025—approximately eight and one-half months before the September 1, 2026 filing date. (Doc. 1 at 5). Allegations of past harm, without facts showing an ongoing or imminent threat at filing, do not satisfy § 1915(g). *See Andrews*, 493 F.3d at 1053; *Driver v. Pohovich*, No. 1:22-cv-01086, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 21, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023).

Plaintiff also does not allege facts showing that the risk associated with the alleged attack remains ongoing. *Cf. Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015). Although Plaintiff alleges that threats prevented him from exhausting his administrative remedies, he does not connect those threats to the December 2025 conduct challenged int is action to show that any of the requested relief sought would redress an imminent danger. *See Ray*, 31 F.4th at 700–701.

Because Plaintiff has accrued at least three strikes and does not plausibly allege imminent danger of serious physical injury, § 1915(g) bars him from proceeding IFP in this action.

Accordingly, IT IS ORDERED that the Clerk of Court shall randomly assign this action to a district judge.

It is further RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED under

28 U.S.C. § 1915(g); and,

2. Plaintiff be directed to pay the $405.00 filing fee in full within a time set by the assigned district judge and, if he fails to do so, that this action be dismissed without prejudice.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; E.D. Cal. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated: September 17, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE